FRANCIS A. CAMPBELL, Plaintiff, *v.* CORA M. CARROLL CAMPBELL, Defendant.

Supreme Court, St. Lawrence County, December 14, 1937.

*Arthur B. Hart,* for the plaintiff.

LAURENCE, J.   This is an action to establish the matrimonial status of the plaintiff.   Defendant answered but does not now appear.

The defendant was married to David Carroll in New York State on April 25, 1924.   They had their domicile in New York State.   On January 29, 1930, defendant filed a complaint in Reno, Nev., asking for a divorce against her husband.   The summons was ordered published and thereafter, and on February 6, 1930, the summons was served in New York State on the defendant in that action, David Carroll.   The defendant in that action, David Carroll, did not appear nor submit to the jurisdiction of the Nevada court.   On March 24, 1930, a divorce was granted to this defendant, plaintiff in that action, by the Nevada court on the ground of cruelty.   It would seem that such divorce decree is not recognized here and is null and void.   After securing such decree, the defendant returned to New York State and on May 12, 1930, the parties

to this action were married in the State of Connecticut. A few days prior to May 12, 1930, they went to Connecticut and made application for the marriage license. They then returned to New York State and after a lapse of five days, required by the Connecticut law, they returned to Connecticut and a marriage ceremony was performed. They then returned to New York State, where they lived as husband and wife for six years.

The laws of Connecticut recognize a Nevada divorce as valid. It is apparent that these parties have their marital status in New York State. The question presented is whether the plaintiff, under the circumstances here, can secure relief by declaratory judgment. He is not an innocent party to the transaction. He says he had knowledge of defendant's previous marriage but thought that she had been divorced. The fact that he went to Connecticut to secure a marriage license and then in about a week returned to that jurisdiction for the purpose of having the marriage ceremony performed, stamps his action as an endeavor to avoid a marriage in New York State and the consequences which might follow. His actions have brought about the marital complications which he now seeks to use to secure affirmative relief by declaratory judgment.

The complaint is dismissed.